# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# MOBILE DIVISION

| | |
|---|---|
| FAMILY MEDICINE PHARMACY LLC, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No: <br> JURY DEMAND |
| PARAGON ENTERPRISES, INC., ) <br> a Florida corporation, ) ) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

**COMES NOW**, Family Medicine Pharmacy (hereinafter "Plaintiff" or "Family") and files this present class action against Paragon Enterprises, Inc. (hereinafter "Defendant" or "Paragon") seeking damages and injunctive relief pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 221, as amended by the Junk Fax Prevention Act of 2005 (hereinafter "the Act"), and allege the following:

### I. PARTIES

1. Plaintiff Family is a limited liability company organized and validly existing under the laws of Alabama, and located in Clarke County, Alabama.

2. Defendant Paragon is a corporation organized and validly existing under

the laws of the state of Florida. According to information and belief, Defendant Paragon's headquarters is in Weston, Florida, and Paragon Meds is a division of Paragon, Inc.

3. Upon information and belief, Defendant's primary activities involve advertising to persons and entities in an effort to generate sales leads for their pharmaceutical products.

4. Defendant conducts and solicits business in Alabama.

## II. JURISDICTION AND VENUE

5. This Honorable Court has jurisdiction over the subject matter of the federal claims asserted herein pursuant to 28 U.S.C. §1331 (federal question), and pursuant to the Act.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b), as a substantial part of the events giving rise to the claim occurred in this District.

7. Defendant has purposely availed itself of this Honorable Court by conducting activities in this forum- namely sending unsolicited facsimiles to Plaintiff and to putative class members.

## III. BACKGROUND

8. In 2009, the Junk Fax Prevention Act was signed into law, and served to amend the Telephone Consumer Protection Act of 1991, to prohibit fax transmissions containing unsolicited advertisements.

9. Specifically, the Act makes it unlawful for Defendant to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

10. An unsolicited advertisement is "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. §227(a)(5).

11. Numerous courts have held that individuals acting on behalf of a corporation may be held personally liable for violations of the Act where they had direct, personal participation in, or personally authorized, the conduct found to have violated the Act, or where they set company policy and oversaw day-to-day operations that violated the Act.

12. The Act provides a private right of action to enforce its provisions. 47 U.S.C. §227(b)(3).

## IV. FACTUAL OVERVIEW

13. According to information and belief, Defendant utilizes "fax blasting" activities to generate sales leads for its products.

14. According to information and belief, Defendant's "fax blasting" activities include the transmission of thousands of unsolicited facsimiles throughout the country, including to telephone facsimile machines located in the State of Alabama,

in an intentional and persistent course of conduct, to Plaintiff and the putative class members.

15. Said activities, directed to Plaintiff's facsimile machines and other facsimile machines nationally, have violated certain provisions of the TCPA.

16. On March 16, 2016, for example, Defendant, acting through its division, Paragon Meds, faxed an advertisement to Plaintiff, annexed hereto as Exhibit A, advertising pharmaceutical products.

17. As a result of Defendant's unlawful issuance of facsimiles to Plaintiff and putative class members, Plaintiff and putative class members have suffered actual damages, in addition to statutory damages, as the conduct has intruded upon and occupied the capacity of their facsimile machines, depriving them of use of said machines, and forcing them to unnecessarily expend funds for paper and ink.

## V. PLAINTIFF'S CLASS ALLEGATIONS

18. Plaintiff adopts and incorporates herein by reference all allegations contained hereinabove.

19. Plaintiff brings this action pursuant to Fed.R.Civ.P. 23(b)(2) and (b)(3) on behalf of itself and a Class of similarly situated individuals, defined as follows:

> Any and all individuals and entities, who or which, from 2013 to the present, received one or more unsolicited advertisements via facsimile from Defendant.

20. The members of the Class are so numerous that joinder of all members is

impracticable.

21. As of this time, the exact number in the Class is unknown but, according to information and belief, there would be more than one thousand.

22. The Plaintiff's treatment by the Defendant is typical of the members of the Class. Specifically, the Plaintiff is a recipient of unsolicited advertisements from the Defendant.

23. The Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel who are competent and experienced in class litigation. The Plaintiff has no interests that are adverse or antagonistic to the Class.

24. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Since the statutory damages suffered by many Class members may be small (namely $500 per occurrence), the expense and burden of individual litigation makes it virtually impossible for the Class members individually to seek redress for the wrongful conduct alleged. The Act's intent to penalize abusive practices via telemarketing and unsolicited "junk faxing", as documented in the legislative record, is realized through the class action mechanism in this matter.

25. Common questions of law or fact exist as to all members of the Class, and predominate over any questions that only affect individual members of the Class. Among the questions of law or fact common to the Class are:

    a.    Whether Defendant is in violation of the Act?

    b.    Whether Class members were recipients of unsolicited advertisements via facsimile?

    c.    Whether said facsimiles failed to provide the required opt-out notice?

26. The Plaintiff knows of no difficulty that will be encountered in the management of this litigation which would preclude its maintenance as a Class Action.

27. Notice can be provided to the Class members via First Class U. S. mail, notice by publication, e-mail notice, or other appropriate means as may be directed by the Court.

### COUNT I
### DEFENDANT'S VIOLATION OF THE
### THE ACT- UNSOLICITED FACSIMILES AND FAILURE TO INCLUDE AN OPT-OUT PROVISION

28. The Plaintiff adopts and incorporates herein by reference all allegations contained hereinabove.

29. The Act makes it unlawful for Defendant to use any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to another telephone facsimile machine in the United States.

30. Defendant did not have an Established Business Relationship, as that term is

defined by the Federal Communications Commission or in Act, with Plaintiff. A true and correct copy of the Unsolicited Facsimile received by Plaintiff is annexed hereto as Exhibit A.

31. Said transmission of the Unsolicited Facsimile, as provided for in Exhibit A, was made without the consent of the Plaintiff, and according to information and belief, without the assent of the putative class members.

32. According to information and belief, Defendant's facsimile machines, computers, and other devices are utilized to send unsolicited and unauthorized promotions to putative class members across the United States to secure leads for future business within the United States, including within the State of Alabama.

33. As a result of said conduct, Plaintiff and putative class members are entitled to statutory damages for each TCPA violation pursuant to 47 U.S.C- §227(b)(3).

34. In addition, said unsolicited facsimiles failed to provide the notice of an opt-out opportunity, as required by the Act, entitling Plaintiff and putative class members to additional statutory damages.

35. Defendant's actions, and/or those of their agents, have shown that Defendant willfully or knowingly violated the TCPA. As such, Plaintiff and putative class members are entitled to treble statutory damages pursuant to 47 U.S.C. §227(3)(c). Plaintiff and putative class members are also entitled to the creation of a

Defendant-funded and Court-supervised, whether by the Court or a master appointed thereby, monitoring and compliance mechanism to ensure Defendant's compliance with the Act.

## COUNT II
## DECLARATORY JUDGMENT

36. Plaintiff adopts and incorporates each and every allegation set forth above as if fully set forth herein.

37. Defendants have engaged in the practice of sending or causing to be sent unsolicited advertisements via telephone facsimile machine, computer, or other device to a telephone facsimile machine owned and controlled by Plaintiff and others similarly situated.

38. There is a substantial and continuing controversy between Defendants and Plaintiff, and all others similarly situated, and a declaration of rights is both necessary and appropriate as to whether or not Defendant's faxes violate the Telephone Consumer Protection Act, and regulations and rules enacted thereunder.

## COUNT III
## INJUNCTION

39. Plaintiff adopts and incorporates each and every allegation set forth above as if fully set forth herein.

40. Defendants' practice of sending, or causing to be sent, unsolicited

advertisements via telephone facsimile machine, computer, or other device to a telephone facsimile machine, computer, or other device owned and controlled by Plaintiff, and other similarly situated individuals and/or entities, will continue to cause Plaintiff and others similarly situated to be damaged by causing the computer, facsimile machine, or other device to be rendered unavailable for legitimate business messages or facsimiles, to cause Plaintiff and others similarly situated to waste time reviewing Defendants' unsolicited advertisement, as well as wasting materials of Plaintiff and others similarly situated, such that final injunctive relief prohibiting Defendants' practice of sending, or causing to be sent, unsolicited advertisements is appropriate.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff respectfully prays that this Honorable Court will take jurisdiction of this cause and upon the final hearing:

A. Certify this matter as a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure;

B. Declare that the Defendant's practice of sending unsolicited facsimiles to telephone facsimiles nationwide is in violation of the Act;

C. Award to the Plaintiff and putative class members damages under the Act, or other such applicable laws;

D. Award to the Plaintiff and putative class members the cost of this matter, including reasonable attorneys' fee;

E. Issue a permanent injunction enjoining the Defendant from sending facsimiles in a nature which is violative of the Act; and

F. Award to the Plaintiff and the putative class members such other, further and more general relief, as the Court may deem appropriate under these circumstances.

Respectfully submitted this the __18th__ day of September, 2018

/s/Diandra S. Debrosse-Zimmermann
Diandra S. Debrosse-Zimmermann

**OF COUNSEL:**
**ZARZAUR MUJUMDAR & DEBROSSE**
2332 2nd Avenue North
Birmingham, Alabama 35203
T: 205-983-7985
F: 888-505-0523
fuli@zarzaur.com

/s/James H. McFerrin
James H. McFerrin

**OF COUNSEL:**
**McFERRIN LAW FIRM, LLC**
3117 Manitou Lane
Birmingham, Al 35216
Telephone: (205) 637-7111
Fax: (205) 637-7212
jhmcferrin@gmail.com

**SERVE BY CERTIFIED MAIL**

**PARAGON PHARMACEUTICALS, LLC**
c/o Registered Agents Inc.
900 Wilshire Dr, Ste 202-45
Troy, Michigan 48084

                                                 /s/Diandra S. Debrosse-Zimmermann
                                                 Diandra S. Debrosse-Zimmermann